## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

JAMES DAVID PERRINE,
        Plaintiff,

v.                                                   Civil Action no. 1:05CV62

JIM RUBENSTEIN, Commissioner, WV DOC
WILLIAM FOX, Warden, SMCC
DON SPRINGSTON, AWO, SMCC
HEATHER ASHMAN, Corrective Medical Service, SMCC
VICKEY GHEEN, Corrective Medical Service, SMCC
STATE OF WEST VIRGINIA
        Defendants.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S § 1983 COMPLAINT BE DISMISSED WITH PREJUDICE

## I. INTRODUCTION

On April 7, 2005, the *pro se* plaintiff, James David Perrine filed a complaint against the above named defendants pursuant to 42 U.S.C. § 1983 seeking monetary damages, restraining orders from retaliatory acts, injunction to produce/release all of Plaintiff's medical records, sanctions by the AMA, attorney fees, court costs, and all other fees. The Plaintiff is a federal inmate being housed at St. Mary's Correctional Center (SMCC). Plaintiff alleges that he has a severe medical condition which requires surgery which the defendants failed to treat.

In 1997, prior to Plaintiff's incarceration, Plaintiff suffered an injury to his neck. Plaintiff's personal physician found "moderate sized disc extrusion at C4-C5 and C5-C6 localized to the right with considerable impingement on the exiting nerve root, moderate narrowing of the central spinal canal at C3-C4 level, moderate hypertrophy of the uncovertebral joint with mild impingement of the exiting nerve root bilaterally." Plaintiff states that he was then referred to Dr. Weinstein who stated that Plaintiff was a good candidate for surgery and prescribed pain

medication which did not help. Plaintiff alleges that in 2001 he went to CMAC, Charleston and a second MRI "showed another disc was messed up". Plaintiff states that in February 2004 he spoke with Dr. Williamson (SMCC) and was prescribed pain medication. Plaintiff states that in September 2004 Dr. Lotterman performed a nerve density/reaction test which showed long term nerve damage. Plaintiff states that the test results were sent to CMS and Dr. Willimason told Plaintiff that he might do something about Plaintiff's situation before he is released. Plaintiff states that as of April 6, 2005 nothing has been done to alleviate his pain and no plans have been made for corrective surgery. Plaintiff also states that he has unsuccessfully attempted to obtain copies of his medical records including the MRI and nerve density tests.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P83.02. Having screened the Plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C. §§ 1915(e) and 1915A,[1] the undersigned concludes that the complaint should be summarily dismissed.

---

[1] 28 U.S.C. §1915A provides *inter alia*:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.
28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

## II. ANALYSIS

A. **Standard of Review.**

Under 28 U.S.C. §1915 and 28 U.S.C. §1915A, a lawsuit filed under section 1983 may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. The undersigned has found that Plaintiff fails to state a claim upon which relief can be granted.

Dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69 (1984). The Court must accept as true the allegations set forth by the plaintiff in his complaint. See Perkins v. Kansas Dep't of Corr, 165 F.3d 803 (10th Cir. 1999). As discussed below, Plaintiff's complaint should be summarily dismissed because it fails to state a claim upon which relief can be granted.

B. **Exhaustion**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies. 42 U.S.C. §1997e. Exhaustion as provided in §1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. §1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002).[2] Moreover, exhaustion is even required when the

---

[2]In Porter, an inmate sued the correctional officers who had severely beaten him. The inmate alleged that the correctional officers "placed him against a wall and struck him with their

relief the prisoner seeks, such as monetary damages, is not available. <u>Booth</u> 532 U.S. at 741.

Additionally, district courts should enforce the exhaustion requirement <u>sua sponte</u> if not raised by

the defendant.  <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir.), <u>cert. denied</u>, 525 U.S. 833 (1998).

The PLRA requires the complaint to be dismissed until the record demonstrates on its face that the

prisoner has exhausted his administrative remedy.  <u>Brown</u>; 42 U.S.C. §1997e(a).

  The actions of the defendants regarding alleged failure to protect clearly constitute actions

"with respect to prison conditions" within the meaning of the PLRA and the requirement of

exhaustion of administrative remedies applies to those actions and the alleged  effects of those

actions.

  The West Virginia Department of Corrections has established a three level grievance

process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The

first level involves filing a G-1 Grievance Form with the Unit Supervisor or appropriate Staff

Supervisor.  If the inmate receives no response or is unsatisfied with the response received at

Level One the inmate may proceed to Level Two by filing a G-2 Grievance Form with the

warden/administrator.  Finally, the inmate may appeal the Level 2 decision to the Commissioner

of the Division of Corrections.

  On December 28, 2004 Plaintiff filed a G-1 grievance form with his unit manager.  After

not receiving a response, Plaintiff filed a G-2 grievance form with the administrator on January 6,

2004.  After receiving an unsatisfactory response Plaintiff appealed the level 2 decision to the

Commissioner on January 24, 2005.  Therefore, the Plaintiff exhausted all of his administrative

remedies.

―――――――――――――――

hands, kneed him in the back, [and] pulled his hair." <u>Porter</u>, 534 U.S. at 520.

C. Defendant Dr. Williamson

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

With regard to claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Mun. of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), cert. denied, 500 U.S. 956 (1991); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), cert. denied, 486 U.S. 1006 (1988). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347. An examination of Claimant's complaint demonstrates Claimant has not shown that his medical condition is serious.

In his complaint Plaintiff states that he suffered a neck injury in 1997 and was prescribed pain medication and told that he was a good candidate for surgery. Plaintiff reports that a 2004 test revealed long term nerve damage in his right arm. Plaintiff complains that he did not receive the corrective surgery that he needs. However, Plaintiff does not show any medical records that

show mandated treatment. Plaintiff only reports that he was told that he was a good candidate for surgery. Also, Plaintiff reported that he was a good candidate for surgery back in 1997 before he was incarcerated. If the surgery was necessary then Plaintiff should have been operated on in 1997. Also, Plaintiff's condition is not so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

Thus, the undersigned recommends that Plaintiff's complaint against Dr. Williamson be dismissed.

D. Claims against Dan Kimble, Jim Rubenstein, Willaim Fox, and Don Springston

Plaintiff names as defendants Dan Kimble, Unit manager, SMCC, Jim Rubenstein, Commissioner, William Fox, Warden, SMCC, and Don Springston, Associate Warden, SMCC.

In order to establish personal liability against a defendant in a §1983 action, the defendant must be personally involved in the alleged wrong(s). Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). See also Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997).

Plaintiff does not allege any personal involvement with his medical care by Defendants Kimble, Rubenstein, Fox, or Springston. Instead, he alleges that he filed his G-1 grievance form with his unit manager, Kimble. Plaintiff filed his G-2 grievance form with the administrator Fox. Plaintiff appealed his level 2 decision to the Commissioner, Rubenstein. Plaintiff does not allege any personal involvement on behalf of associate warden Springston.

When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if the subordinate acted pursuant to an official policy or custom which he is responsible. See Fisher v. Washington Metro. Area Transit Auth., 690 F. 2d 113 (4th Cir. 1982); Orum v. Haines, 68 F. Supp. 2d 726 (N.D. W. Va. 1999), or the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was

engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).

"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Id. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

Plaintiff makes absolutely no allegations in his complaint which reveal the presence of the required elements for supervisory liability against Defendants Kimble, Rubenstein, Fox, or Springston. Further, the undersigned notes that the Fourth Circuit has held that non-medical personnel may rely on the opinion of medical staff regarding the proper treatment of inmates. Miltier v. Beorn, 896 F. 2d 848 (4th Cir. 1990). Thus, Defendants Kimble, Rubenstein, Fox, or Springston could rely on the opinions of medical staff regarding the treatment Plaintiff needed. Consequently, the undersigned finds that Plaintiff has failed to state a claim against Defendants Kimble, Rubenstein, Fox, and Springston.

### III. RECOMMENDATION

In consideration of the foregoing, it is recommended that Plaintiff's §1983 complaint against all of the defendants be dismissed with prejudice pursuant to 28 U.S.C.§ § 1915(e) and 1915A for failure to state a claim upon which relief may be granted.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge of record. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[3]

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

Dated: July 1, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).